IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**FILED**

SEP 06 2019

At_____M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GREGORY PECK;  JUAN PEREZ;<br>RONALD RITCHEY<br>     Plaintiffs,<br><br>v.<br><br><br>INDIANA GROCERY GROUP, LLC, a<br>Delaware Limited Liability Company d/b/a<br>STRACK & VAN TIL;<br>SVT, LLC, an Indiana Limited Liability<br>Company d/b/a STRACK & VAN TIL<br><br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:  2:19CV 336 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Come Now the Plaintiffs, GREGORY PECK, JUAN PEREZ, and RONALD RITCHEY (collectively "Plaintiffs") , and for their Complaint against Defendants, INDIANA GROCERY GROUP, LLC, a Delaware Limited Liability Company d/b/a "STRACK & VAN TIL", and SVT, LLC, an Indiana Limited Liability Company d/b/a STRACK & VAN TIL, Plaintiffs state as follows:

## PARTIES

1.      Plaintiff GREGORY PECK is a 57-year-old male and is a citizen of the United States and a resident of the State of Indiana and the Northern District of Indiana.

2.      Plaintiff JUAN PEREZ is a 58-year-old male and is a citizen of the United States and a resident of the State of Indiana and the Northern District of Indiana.

3.      Plaintiff RONALD RITCHEY is a 54-year-old male and is a citizen of the United States and a resident of the State of Indiana and the Northern District of Indiana.

1

4.      Defendants INDIANA GROCERY GROUP, LLC, a Delaware Limited Liability Company d/b/a "STRACK & VAN TIL" and SVT LLC, an Indiana Limited Liability Company d/b/a "STRACK & VAN TIL" (hereinafter "STRACK & VAN TIL" or "Defendants") are the former employers of Plaintiffs.  At all times relevant hereto, Defendants have continuously been and are now doing business in the State of Indiana, County of Lake and have employed more than fifteen (15) employees at the time of the conduct at issue.

5.      At all times relevant hereto, Defendant STRACK & VAN TIL has maintained a business headquarters at 2244 45th Street, Highland, Indiana, 46322.  Defendants and/or Defendants' predecessor and successors have continuously been and are now an employer engaged in industry affecting commerce.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is provided by 28 U.S.C. §§ 451, 1331, 1343, and 1367 or is otherwise provided by applicable law.

7.      Plaintiffs brings their claims for relief pursuant to the Americans With Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, *et seq.*, as amended, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

8.      Venue is appropriate and proper in the United States District Court for the Northern District of Indiana because Plaintiffs' employment and most events which are the basis for Plaintiffs' claims took place within the boundaries of this District.

2

9.    Defendants and/or Defendants' predecessor and successors have continuously been and are now an employer engaged in industry affecting commerce.

10.    On or about September 25, 2017, Plaintiff GREGORY PECK timely filed a Charge of Discrimination with the Indiana Civil Rights Commission and/or Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination.  A true and accurate copy of charge number 24F-2018-00008/and its May 3, 2018 Amendment is attached hereto and incorporated herein as Exhibit "A".

11.    On or about January 13, 2018 Plaintiff JUAN PEREZ timely filed  Charges of Discrimination with the Indiana Civil Rights Commission and/or Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination.  A true and accurate copy of charge numbers 470-2018-01122 and 846-2018-00913 are attached hereto and incorporated herein as Exhibit "B".

12.    On or about February 15, 2018, Plaintiff RONALD RITCHEY timely filed a Charge of Discrimination with the Indiana Civil Rights Commission and/or Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination.  A true and accurate copy of charge number 470-2018-00507 is attached hereto and incorporated herein as Exhibit "C".

13.    On or about June 10, 2019, Plaintiff GREGORY PECK received a June 7, 2019 "Notice of Suit Rights" for the charge(s) filed.  A true and accurate copy of said Notice is attached hereto and incorporated herein as Exhibit "D".

14.    On or about June 10, 2019, Plaintiff JUAN PEREZ received a June 7, 2019 "Notice of Suit Rights" for the charge(s) filed.  A true and accurate copy of said Notice is attached hereto and incorporated herein as Exhibit "E".

3

15.    On or about June 10, 2019, Plaintiff RONALD RITCHEY received a June 7, 2019 "Notice of Suit Rights" for the charge(s) filed.  A true and accurate copy of said Notice is attached hereto and incorporated herein as Exhibit "F".

**16.**    Plaintiffs are filing this complaint within 90 days of Plaintiffs' receipt of their respective "Notice of Suit Rights".

<strong><u>FACTS RELEVANT TO ALL COUNTS</u></strong>

17.    At all relevant times hereto Plaintiff GREGORY PECK was employed as a Forklift Operator/Worker for Defendants' Grocery Warehouse.

18.    On or about September 6, 2017, Plaintiff GREGORY PECK was terminated by Defendants.

19.    At all relevant times hereto Plaintiff JUAN PEREZ was employed as a Forklift Operator/Worker for Defendants' Grocery Warehouse.

20.    On or about September 6, 2017, Plaintiff JUAN PEREZ was terminated by Defendants.

21.    At all relevant times hereto Plaintiff RONALD RITCHEY was employed as a Forklift Operator/Worker for Defendants' Grocery Warehouse.

22.    On or about September 6, 2017, Plaintiff RONALD RITCHEY was terminated by Defendants.

23.    That during Plaintiffs' employment, Plaintiffs were all members of the International Brotherhood Of Teamsters, Local 142.

24.    The manner and method by which Defendants terminated Plaintiffs denied Plaintiffs the terms and conditions of employment afforded to similarly situated employees and subjected Plaintiffs to different terms and conditions afforded to Defendants' other employees.

## COUNT I: ADA DISCRIMINATION AS TO PLAINTIFF GREGORY PECK AND PLAINTIFF RONALD RITCHEY

25.     Plaintiffs hereby re-allege and incorporate rhetorical paragraphs 1-24 contained in Plaintiffs' Complaint as if they were fully set forth in rhetorical paragraph 25.

26.     Defendants were aware that Plaintiffs GREGORY PECK and RONALD RITCHEY were disabled and/or Defendants perceived Plaintiffs as being disabled.

27.     Because of the disability or perceived disability of Plaintiffs GREGORY PECK and RONALD RITCHEY, Plaintiffs GREGORY PECK and RONALD RITCHEY were treated to less favorable terms and conditions of employment than the non-disabled similarly situated co-workers of Plaintiffs GREGORY PECK and RONALD RITCHEY.

28.     , Plaintiffs GREGORY PECK and RONALD RITCHEY were treated to less favorable terms and conditions of employment than other employees not disabled and not perceived as disabled.

29.     , Plaintiffs GREGORY PECK and RONALD RITCHEY suffered an adverse employment action, including the terminations of Plaintiffs GREGORY PECK and RONALD RITCHEY set forth above, as a result of Defendants' discriminatory intent based on the disability of Plaintiffs GREGORY PECK and RONALD RITCHEY, and/or upon Defendants perceiving Plaintiffs GREGORY PECK and RONALD RITCHEY as being disabled.

30.     Defendants' discriminatory treatment of Plaintiffs GREGORY PECK and RONALD RITCHEY violates the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended.

31.     Defendants' unlawful actions have caused Plaintiffs GREGORY PECK and RONALD RITCHEY emotional distress, inconvenience, lost wages and benefits, and other

consequential damages, which Plaintiffs GREGORY PECK and RONALD RITCHEY are entitled to recover.

## COUNT II: ADEA AGE DISCRIMINATION AS TO ALL PLAINTIFFS

32.    Plaintiffs hereby re-allege and incorporate rhetorical paragraphs 1-31 contained in Plaintiffs' Complaint as if they were fully set forth in rhetorical paragraph 32.

33.    Plaintiffs were treated to terms and conditions of employment less favorable than those afforded significantly younger employees.

34.    Plaintiffs suffered adverse employment actions including loss of employment.

35.    Said adverse employment actions were due to Plaintiffs' age.

36.    Defendants' discriminatory treatment of Plaintiffs violates the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

37.    Defendants' unlawful actions have caused Plaintiffs emotional distress, inconvenience, lost wages and benefits, and other consequential damages, which Plaintiffs are entitled to recover, and were committed with malice or reckless indifference to Plaintiffs' rights under the ADEA.

## COUNT III

38.    Plaintiffs hereby re-allege and incorporate rhetorical paragraphs 1-37 contained in Plaintiffs' Complaint as if they were fully set forth in rhetorical paragraph 38.

39.    That Defendants intentionally and/or recklessly inflicted severe and prolonged emotional distress upon the Plaintiffs.

40.    Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was atrocious and was utterly intolerable in a work setting.

41.    That as a result of the outrageous and egregious actions of Defendants, Plaintiffs have suffered and continue to suffer physical, emotional, personal, psychological, familial distress and the loss of future and past earning and employment benefits for which the Plaintiffs should be compensated.

## COUNT IV

42.    The Plaintiffs hereby re-allege and incorporates rhetorical paragraphs 1-41 contained in Plaintiffs' Complaint as if they were fully set forth in rhetorical paragraph 42.

43.    That Defendants' conduct was negligent in its actions toward Plaintiffs and breached its duty of care owed to Plaintiffs.

44.    That as a result of the actions of Defendants, Plaintiffs have suffered and continue to suffer physical, emotional, personal, psychological, familial distress and the loss of future and past earning and employment benefits for which the Plaintiffs should be compensated.

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices and actions complained of herein are unlawful under the ADA and ADEA;

b.  Judgment in favor of Plaintiffs and against Defendants on the ADA claims of Plaintiffs GREGORY PECK and RONALD RITCHEY and the ADEA claims of all Plaintiffs;

c.  Reinstatement or, alternatively, damages to compensate Plaintiffs on the ADA claims of Plaintiffs GREGORY PECK and RONALD RITCHEY and the ADEA claims of all Plaintiffs, including punitive damages;

d.  An injunction against Defendants and Defendants' officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  An award of all compensatory and statutory damages due to Plaintiffs under the ADA as to Plaintiffs GREGORY PECK and RONALD RITCHEY and the ADEA as to all Plaintiffs, to be paid by Defendants;

f.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g.  Pre-Judgment and Post-Judgment interest, as provided by law; and

h.  The Plaintiffs further prays for all other relief that this Court deems just and proper in the premises.

Respectfully submitted,

Gregory Peck
3348 Kenwood
Hammond, IN. 46323

Juan Perez
3078 Dutch Mill Street
Portage, IN. 46368

Ronald Ritchey
3722 Highway Avenue
Highland, IN 46322

Plaintiffs demands trial by jury.

Gregory Peck
3348 Kenwood
Hammond, IN. 46323

Juan Perez
3078 Dutch Mill Street
Portage, IN. 46368

Ronald Ritchey
3722 Highway Avenue
Highland, IN 46322

9

Respectfully submitted,

_____

Gregory Peck
3348 Kenwood
Hammond, IN. 46323

_____

Juan Perez
3078 Dutch Mill Street
Portage, IN. 46368

Ronald Ritchey
3722 Highway Avenue
Highland, IN 46322

Plaintiffs demands trial by jury.

_____

Gregory Peck
3348 Kenwood
Hammond, IN. 46323

_____

Juan Perez
3078 Dutch Mill Street
Portage, IN. 46368

Ronald Ritchey
3722 Highway Avenue
Highland, IN 46322

9

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 470-2018-00507 |

| Indiana Civil Rights Commission | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Ronald A. Ritchey** | **(219) 484-0304** | **1965** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3722 Highway Ave, Highland, IN 46322** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **INDIANA GROCERY GROUP LLC DBA STRACK & VAN TIL** | **500 or More** | **(219) 961-9197** |

| Street Address | City, State and ZIP Code |
|---|---|
| **101 West 45th Street,  Munster, IN 46321** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

|  |  |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | Earliest **09-06-2017**   Latest **09-06-2017** |
| ☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Strack & Van Til on August 13, 2007 as a Warehouse Worker. During my employment, I became disabled, but I could perform the essential duties of my job. Prior to the end of my employment, the company was forced into bankruptcy and the ownership changed from Central Grocers, Inc., to Indiana Grocery Group, LLC. During the transition from Central Grocers, Inc., to the Indiana Grocery Group, LLC, Strack & Van Til reduced the number of warehouse employees working in their warehouses. I was eventually discharged on September 6, 2017. The company (Indiana Grocery Group LLC) retained younger, non-disabled employees to work in their warehouse. I believe that I was denied employment by the Indiana Grocery Group, LLC due to my race (white), age (52) and disability, in violation of Title VII of the 1964 Civil Rights Act, as amended (Title VII), the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act of 1990, as amended (ADAAA).

AMENDED CHARGE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 2-15-18   *Ronald A. Ritchey* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*      *Charging Party Signature* | |

PLAINTIFF'S EXHIBIT

CR Enforcement/IMIS EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**U.S. Equal Employment Opportunity Commission**
**Indianapolis District Office**

101 West Ohio St
Suite 1900
Indianapolis, IN 46204
(317) 226-7212
TTY (317) 226-5162
Fax: (317) 226-7953

Respondent: INDIANA GROCERY GROUP LLC DBA STRACK & VAN TIL
EEOC Inquiry No.: 470-2018-00507

November 15, 2017

Ronald A. Ritchey
3722 Highway Ave
Highland, IN 46322

Dear Mr. Ritchey:

This is with reference to your recent inquiry (an office visit, phone call, correspondence, or electronically submitted intake questionnaire) in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[ X ]    The Age Discrimination in Employment Act (ADEA)

[ X ]    The Americans with Disabilities Act (ADA)

[ ]    The Equal Pay Act (EPA)

[ ]    The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. To enable proper handling of this action by the Commission you should:

(1)  Review the enclosed charge form and make corrections.

(2)  Sign and date the charge in the bottom left hand block where I have made an "X".

(3)  Return the signed charge to this office.

These steps are necessary if you wish to file a charge.  No charge has been filed because the correspondence you submitted was not signed. Since charges should be filed within the time limits imposed by law, please complete these steps as soon as possible. Please call me at the number listed below if you have any questions. If you have to call long distance, please call collect.

IF WE DO NOT RECEIVE YOUR SIGNED CHARGE WITHIN 30 DAYS OR HEAR FROM YOU WITHIN 30 DAYS, WE WILL ASSUME THAT YOU DECIDED NOT TO FILE A CHARGE OF DISCRIMINATION WITH EEOC.

Please be aware that after we receive your signed charge, the EEOC will send a copy of the charge to Indiana Civil Rights Commission 100 North Senate Avenue Suite North 300 Indianapolis, IN 46204 as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

Please use the "EEOC Inquiry No." listed at the top of this letter whenever you call us. Please notify this office of any change in address or of any prolonged absence from home.  Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process.

Sincerely,

_____

Samuel J. Norvanis
Investigator
(317) 226-7219

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)
  Copy of EEOC Form 5, Charge of Discrimination
  Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Gregory Peck**<br>**3348 Kenwood Street**<br>**Hammond, IN 46323** | From: **Indianapolis District Office**<br>**101 West Ohio St**<br>**Suite 1900**<br>**Indianapolis, IN 46204** |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **24F-2018-00008** | **Frederick J. BruBaker,**<br>**Enforcement Supervisor** | **(317) 226-7350** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____      JUN 07 2019

Enclosures(s)

**Michelle Eisele,**
**District Director**
                                             *(Date Mailed)*

cc:
**Richard Long**
**LONG MEIHOFER LAW**
**4906 Main Street**
**Suite 101**
**Lisle, IL 60532**



Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS     --     Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),   **"major life activities"   now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.   Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**NAPOLIS DISTRICT OFFICE**
nployment Opportunity Commission
1 West Ohio Street - Suite 1900
dianapolis, Indiana 46204-4203

OFFICIAL BUSINESS

INDIANAPOLIS
IN 460
07 JUN '19
PM 5 L

46323-123748

EEOC Form 161 (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To    **Juan Perez**<br>    **3078 Dutch Mill Street**<br>    **Portage, IN 46368** | From:    **Indianapolis District Office**<br>    **101 West Ohio St**<br>    **Suite 1900**<br>    **Indianapolis, IN 46204** |

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **470-2018-01122** | **Frederick J. BruBaker,**<br>**Enforcement Supervisor** | **(317) 226-7350** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Michelle Eisele,**
**District Director**

**JUN 07 2019**
*(Date Mailed)*

Enclosures(s)

cc    **Richard Long**
    **Attorney**
    **Indiana Grocery Group**
    **4906 Main Street**
    **Suite 101**
    **Lisle, IL 60532**



PLAINTIFF'S EXHIBIT E

Enclosure with EEOC
Form 161 (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161 (11/16)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Juan Perez**                                         From:  **Indianapolis District Office**
✓   **3078 Dutch Mill St.**                                        **101 West Ohio St**
     **Portage, IN 46368**                                         **Suite 1900**
                                                                   **Indianapolis, IN 46204**

|  | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2018-00913 | **Frederick J. BruBaker,** **Enforcement Supervisor** | (317) 226-7350 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred** more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

**Michelle Eisele,**
**District Director**

**JUN 07 2019**

*(Date Mailed)*

Enclosures(s)

cc:  **Rich Bugajski**
     **Director of Human Resources**
     **Indiana Grocery Group, LLC**
     **2244 45th St**
     **Highland, IN 46322**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Indianapolis Status Line: (866) 408-8075
Indianapolis Direct Dial: (317) 226-5669
TTY (317) 226-5162
FAX (317) 226-7953 & 5571

June 7, 2019

Juan Perez
3078 Dutch Mill Street
Portage, IN 46368

Mr. Perez,

Per our conversation on June 6, 2019, this letter is to give you more information on how to request a copy of your EEOC file.

The best way to request a file is by going to eeoc.gov and then requesting it through the FOIA tab, at www.eeoc.gov/eeoc/foia/index.cfm. Requesters can also email the Records Disclosure Unit at indifoia@eeoc.gov.

Requesters should add their charge number, any updated mailing information, proof of representation (if not the charging party) and proof of court filing (unless the Charging Party requesting). If the 90-day right to sue period has expired, the Charging Party must show proof of court filing upon request.

I hope this information helps.

Sincerely,

April Klug
Federal Investigator

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Ronald A. Ritchey<br>✓ 3722 Highway Ave<br>Highland, IN 46322 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2018-00507 | Frederick J. BruBaker,<br>Enforcement Supervisor | (317) 226-7350 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other (briefly state) |

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

JUN 0 7 2019

Enclosures(s)

Michelle Eisele,
District Director

(Date Mailed)

cc:   **Rich Bugajski**
**Human Resources Director**
**INDIANA GROCERY GROUP, LLC**
**2244 45th Street**
**Highland, IN 46322**



PLAINTIFF'S EXHIBIT
tabbies
F

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
*before 7/1/10* -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended in 2008 to change the definition of disability, to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Indianapolis Direct Dial: (317) 226-7848
FAX (317) 226-7953 & 5571
Website: www.eeoc.gov

**JUN 07 2019**

Ronald Ritchey
3722 Highway Avenue
Highland, IN 46322

RE:    Ritchey v. Indiana Grocery Group
EEOC Charge Number:  470-2018-00507

Dear Mr. Ritchey:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination.  Under our Priority Charge Handling Procedures, we focus our limited resources on those charges in which we believe a violation of the laws enforced by EEOC can be found.  After EEOC management reviewed the information that you, and respondent provided, they did not believe that additional investigation will result in our finding a violation.

The EEOC has terminated its investigation into your allegations.  We fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce.  While you may disagree with our decision, the dismissal is final.

The Dismissal and Notice and Rights will explain your right to pursue the matter in court.  If you want to pursue your charge, you may do so on your own by filing in Federal District Court within 90-days of receiving the Notice of Right to Sue.  If you do not file a lawsuit in the within the required 90-day period, your right to sue in the matter will expire and cannot be restored by the EEOC.

Sincerely,

Frederick BruBaker
Enforcement Supervisor

Enclosure:  Dismissal and Notice of Rights